UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY E. WINDEKNECHT, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:25-cv-01183-JAR |
| STATE OF MISSOURI, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is self-represented Petitioner's "All Writ of Coram Nobis Seeking Relief Pursuant to 28 U.S.C. § 1651(a) Section" (also "Petition"), doc. 1, Application to Proceed Without Prepayment of Fees, doc. 2, and Motion for the Appointment of Counsel, doc. 3.  For the reasons explained below, the Court dismisses the Petition and denies Petitioner's Application and Motion as moot.

**I.    Background**

In April 2018, the Probate Division of the Circuit Court of Cape Girardeau County declared Petitioner to be a sexually violent predator and committed him to the custody of the Missouri Department of Mental Health.  *See In re Larry Windeknecht,* No. 16CG-PR00247 (32nd Jud. Cir. 2016).  Petitioner now resides at the Fulton State Hospital in Fulton, Missouri.

Petitioner states that he filed the instant Petition to seek coram nobis relief from his 1988 burglary and sexual abuse convictions entered by the Circuit Court of Cape Girardeau County. He cites Missouri state criminal case numbers CR586-422FX and CR586-525FX.  He avers he has served his sentence and now seeks to vacate the state court's judgment "based upon 'Actual Innocence.'"  Doc. 1 at 2.

## II.     Discussion

### A.     Proceeding without Prepayment of Fees

This district court previously found that no filing fee applies to a petition for writ of error coram nobis.  *See Katz v. United States*, 4:11-cv-0513-CDP, 2011 WL 1533071, at *2 (E.D. Mo. Apr. 21, 2011); *Johnson v. United States*, 4:12-cv-0091-CAS, 2012 WL 666730, at *3 (E.D. Mo. Feb. 28, 2012).  While coram nobis relief is unavailable in this case, the Court has liberally construed the Petition and will not require a filing fee.  Consequently, the Court will deny Petitioner's Application as moot.

### B.     Coram Nobis

The United States Supreme Court has determined that a writ of error coram nobis can be used to correct errors that occurred during a criminal proceeding, even when the defendant is no longer in custody.  *United States v. Morgan*, 346 U.S. 502, 505-11 (1954).  *See also Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992) (stating that in a federal criminal case, a defendant who is no longer in custody may be able to challenge his conviction by means of a petition for writ of coram nobis).  However, coram nobis relief is only available in the court of conviction as part of the original case, not as a separate action before another court.  *Morgan*, 346 U.S. at 505 n.4 (stating that an application for coram nobis relief "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil [p]roceeding"); *Trackwell v. Nebraska*, 126 F. App'x 336, 337 (8th Cir. 2005) (dismissing appeal "because a defendant may seek coram nobis relief only from the court that rendered judgment.").

As a result, coram nobis relief is not available in federal court for an individual challenging his state court conviction, as Petitioner attempts to do.  *See Morgan*, 346 U.S. at 505

n.4; *see also Menchaca v. Nebraska*, 2018 WL 3009118 (D. Neb. 2018) (finding that the petitioner could not challenge his state criminal conviction by seeking a writ of coram nobis in federal court); *Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2nd Cir. 2006) (agreeing with other Circuits "that the district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts"); *Obado v. New Jersey*, 328 F.3d 716, 718 (3rd Cir. 2003) (finding that coram nobis relief was not available in federal court as a means of attack on a state criminal judgment); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992) (coram nobis relief must be sought in the court that issued the judgment); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (stating that "[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments"); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) (explaining that "coram nobis...cannot issue under the instant proceeding...for the judgments are not in the court which [petitioner] has petitioned"); and *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962) (stating that "use of the writ is limited by tradition and rule...and cannot be used as a...collateral writ of error between state and federal jurisdictions.").

**III.   Conclusion**

Petitioner is not challenging a conviction entered by this Court.  Instead, he is challenging his Missouri state court conviction.  As such, coram nobis relief is not available to him, and the Petition must be dismissed without further proceedings.  Petitioner's Motion to Appoint Counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Application to Proceed Without Prepayment of Fees, doc. 2, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's All Writ of Coram Nobis Seeking Relief Pursuant to 28 U.S.C. § 1651(a) is **DENIED** and **DISMISSED**.  A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion for the Appointment of Counsel, doc. 3, is **DENIED** as moot.

Dated this 11th day of February 2026.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE